IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHITEHALL HOTEL, LLC<br><br>    Plaintiff,<br><br>v.<br><br>HOUSTON HOTEL OWNER, LLC<br><br>    Defendant. | Civil Action No. ___<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, CYBERSQUATTING, AND DECEPTIVE TRADE PRACTICES**

Plaintiff, Whitehall Hotel, LLC ("Plaintiff"), for its Complaint against Defendant, Houston Hotel Owner, LLC ("Defendant") states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction by virtue of the fact that this is a civil action: (i) under the Lanham Act (15 U.S.C. §§ 1051-1141), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (ii) in which the parties are citizens of different states and the value of the matters in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred under 28 U.S.C. § 1332(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, Whitehall Hotel LLC, is the owner of The Whitehall Hotel and is an Illinois Limited Liability Company with its principal place of business located at 105 E. Delaware Place in Chicago, Illinois.

4.  Plaintiff's Whitehall Hotel opened, with much notoriety, on September 9, 1928 and has been in continuous operation since then but for periodic renovations.

5.  Defendant, Houston Hotel Owner, LLC, is a Delaware Limited Liability Company with its principal place of business at 1700 Smith St., Houston, Texas 77002.

6.  Defendant is the owner of its The Whitehall Hotel located in Houston, Texas, which opened in 2016.

7.  Defendant directly advertises and markets its The Whitehall Hotel services in Illinois.

## GENERAL ALLEGATIONS

### I. PLAINTIFF'S FAMOUS THE WHITEHALL TRADEMARK

8.  The opening of Plaintiff's The Whitehall Hotel in 1928 was widely advertised in the *Chicago Daily Tribune*, as evidenced by the news at that time.

9.  The Honorable Jim Edgar, Governor, proclaimed March 24th, 1995 "The Whitehall Day" in the State of Illinois after The Whitehall Hotel's most recent renovation.

10. For almost 90 years, Plaintiff has marketed and provided hotel services under the famous THE WHITEHALL mark ("the WHITEHALL Mark") and the logo below, as well as the same logo without "Chicago's True Independent Boutique Hotel" (collectively, the "THE WHITEHALL Marks"):



11. As a result, Plaintiff enjoys extensive common law trademark rights to its THE WHITEHALL Marks.

12.     On July 20, 2016, Plaintiff applied to register with the United States Patent & Trademark Office ("USPTO") THE WHITEHALL Mark for use in connection with the provision of hotel services in Class 43 with a first date of use in commerce of September 9, 1928 (Ser. No. 87110017).

13.     Plaintiff has owned the domain name for The Whitehall Hotel's website, thewhitehallhotel.com, since October 14, 1999, which has been operated on Plaintiff's behalf by SB Yen's Management Group, Inc. ("SBY"), the managing entity for Plaintiff.

14.     Plaintiff has expended millions of dollars and significant effort to advertise and promote its hotel services under its THE WHITEHALL Marks, and has sold many millions dollars of hotel services thereunder. As a result, Plaintiff's THE WHITEHALL Marks have acquired strong secondary meaning signifying Plaintiff

15.     Due to Plaintiff's extensive marketing efforts and sales success, Plaintiff's THE WHITEHALL Marks have become extremely valuable corporate assets.

16.     Plaintiff's THE WHITEHALL Marks are strong and distinctive marks, which the public immediately recognizes as brand indicators of, and are inextricably associated with, Plaintiff's The Whitehall Hotel.

## II.  DEFENDANT'S WRONGFUL ACTS

17.     On June 15, 2016, Defendant applied to register THE WHITEHALL with the USPTO in connection with the provision of hotel services in Class 43 (Ser. No. 87072496), with a first date of use in commerce of April 30, 2016.

18.     On June 16, 2016, Defendant applied to register the design mark WH THE WHITEHALL for use in connection with hotel services in Class 43 with a first date of use in commerce of April 30, 2016 (Ser. No. 87073361). The specimen Defendant submitted for the application is depicted below:



19.     On July 21, 2016, Defendant applied to register THE WHITEHALL BY SOTHERLY with the USPTO for use in connection with the provision of hotel services in Class 43 with a first date of use in commerce of April 30, 2016 (Ser. No. 87111221).

20.     On September 25, 2016, the USPTO suspended Defendant's application for THE WHITEHALL BY SOTHERLY (Ser. No. 87111221) pending the resolution of Plaintiff's application for THE WHITEHALL (Ser. No. 87110017).

21.     On November 8, 2016, the USPTO published for opposition Defendant's applications for THE WHITEHALL (Ser. No. 87072496) and for THE WHITEHALL design mark (Ser. No. 87073361).

22.     On May 8, 2017, Plaintiff filed a Notice of Opposition with the USPTO regarding Defendant's applications to register THE WHITEHALL (Ser. No.87072496), the design mark WH THE WHITEHALL (Ser. No. 87073361), and THE WHITEHALL BY SOTHERLY (Ser. No. 87111221)

23.     Plaintiff's and Defendant's applications as referenced herein all predominately contain "THE WHITEHALL" for use in connection with hotel services.

24.     Plaintiff has not consented to the use of or registration of the marks contained in Defendant's WHITEHALL applications.

25.     Defendant began and continues to use THE WHITEHALL in connection with hotel services with full knowledge of Plaintiff's prior use of its THE WHITEHALL Mark and Trade Dress.

26.     Defendant's applied-for trademark application for its design mark is strikingly similar to Plaintiff's use of its THE WHITEHALL Marks, as demonstrated below:

Plaintiff's use, as well as use of the logo without "Chicago's True Independent Boutique Hotel":



Defendant's use:



27. Defendant actively markets and specifically targets its hotel services in Illinois through various marketing mediums, including but not limited to, online and print advertising, third party online hotel booking sites, and national hospitality conventions.

28. Defendant registered and is the owner of the domain name whitehalldowntown.com, which is confusingly similar to Plaintiff's THE WHITEHALL Mark and its thewhitehallhotel.com domain name.

29. Defendant's use of THE WHITEHALL in connection with hotel services will invariably cause confusion, mistake or deception with Plaintiff's THE WHITEHALL Marks.

30. In fact, Defendant' use of THE WHITEHALL in connection with hotel services has already caused actual confusion.

31. Upon information and belief, Defendant adopted and continues to use THE WHITEHALL with full knowledge of, and in willful disregard of Plaintiff's intellectual property rights, and with the intent to take advantage of the good will that Plaintiff has developed in its THE WHITEHALL Marks.

32. Upon discovery of Defendant's use Plaintiff's THE WHITEHALL mark in connection with its hotel, Plaintiff's counsel contacted Defendant detailing Plaintiff's rights in its

THE WHITEHALL Marks and demanded that Defendant cease use of the mark. Defendant refused to cease use of THE WHITEHALL mark.

33. Therefore, Defendant's use of THE WHITEHALL damages Plaintiff and will continue to do so.

### FIRST CLAIM FOR RELIEF Federal Trademark Infringement

34. Plaintiff realleges the allegations of the preceding paragraphs as if fully set forth herein.

35. Defendant's acts are likely to cause confusion or mistake, or to deceive as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's hotel services so as to constitute trademark infringement in violation of 15 U.S.C. § 1125(a)(1)(A).

36. Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

37. Plaintiff has been, and will continue to be, damaged by Defendant's infringement in an amount to be determined at trial.

38. Defendant's acts are also greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

### SECOND CLAIM FOR RELIEF Federal Unfair Competition

39. Plaintiff realleges the allegations of the preceding paragraphs as if fully set forth herein.

40. Defendant's acts are likely to cause confusion or mistake, or to deceive as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's hotel service so as to constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

41. Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

42. Plaintiff has been, and will continue to be, damaged by Defendant's infringement in an amount to be determined at trial.

43. Defendant's acts are also greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

### THIRD CLAIM FOR RELIEF Deceptive Trade Practices Pursuant to 815 ILCS §§ 510/1, et seq.

44. Plaintiff realleges the allegations of the preceding paragraphs as if fully set forth herein.

45. Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq. by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective hotel services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant or its services with Plaintiff's services; and using deceptive representations or designations of origin in connection with Defendant's services.

46. Defendant's unauthorized use of THE WHITEHALL is causing and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff has no adequate remedy at law for this injury. Plaintiff is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

### FOURTH CLAIM FOR RELIEF Common Law Unfair Competition and Trademark Infringement

47. Plaintiff realleges the allegations of the preceding paragraphs as if fully set forth herein.

48. Defendant's acts constitute common unfair competition and trademark infringement in violation of the common law of the various states, including the state of Illinois.

49. Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

50. Defendant's acts are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

**FIFTH CLAIM FOR RELIEF Violation of 15 U.S.C. § 1125(d) - Cybersquatting Under the AntiCybersquatting Consumer Protection Act ("ACPA")**

51. Plaintiff realleges the allegations of the preceding paragraphs as if fully set forth herein.

52. Plaintiff's THE WHITHALL Mark was distinctive well before Defendant registered the whitehalldowntown.com domain name.

53. Defendant registered a domain that is identical in part, and confusingly similar to, Plaintiff's THE WHITEHALL Mark.

54. Defendant had a bad faith intent to profit from Plaintiff's THE WHITEHALL Mark in its registration of whitehalldowntown.com in violation of 15 U.S.C. § 1125(d).

55. Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

56. Defendant's acts are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment that Defendant has violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; 815 ILCS §§ 510/1, et seq., Illinois common law, and the ACPA, and that such violations were willful and intentional, making this an exceptional case;

2. Issue a permanent injunction enjoining and restraining Defendant and its officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement, trademark dilution, unfair competition, or deceptive business practices, including making, offering for sale, or selling hotel services that feature marks confusingly similar to Plaintiff's THE WHITEHALL Marks;

3. Require Defendant to recall from all distribution and marketing channels all advertising and promotional materials bearing or infringing on the Plaintiff's THE WHITEHALL Marks;

4. Require Defendant to immediately cease advertising and sales of hotel services described above at its hotel, on its website, on third party hotel booking services, in print marketing materials, and in any other locations on the Internet, including other websites owned or operated by Defendant or any of their affiliates, including but not limited to, third party advertising agencies, and any social media platforms owned or operated by Defendant or any of their affiliates;

5. Order Defendant to account to Plaintiff all profits wrongfully derived by its unlawful conduct and to pay to Plaintiff:

    a. all monetary actual damages sustained and to be sustained by Plaintiff as a consequence of Defendant's unlawful conduct, including lost profits pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

    b. all statutory damages sustained and to be sustained by Plaintiff as a consequence of Defendant's unlawful conduct, including statutory damages pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

   c. all profits, gains, and advantages obtained by Defendant from its unlawful conduct pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

   d. exemplary damages, including treble damages resulting from Defendant's unlawful conduct, in an amount to be determined at trial;

   e. pre-judgment interest on all damages;

   f. Plaintiff's costs and disbursements in this action, including its reasonable attorney's fees;

   g. Order Defendant and/or the registrar to transfer ownership of the whitehalldowntownhotel.com domain name to Plaintiff;

   h. Direct that Defendant file with this Court and serve on counsel for Plaintiff within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction; and

   i. Order any such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Whitehall Hotel, LLC respectfully demands a trial by jury of all issues so triable by a jury.

**DATED:** November 20, 2017               Respectfully submitted,

                                By:  s/Alexis E. Payne

                                PARTRIDGE PARTNERS P.C.

                                Mark V.B. Partridge
                                Alexis E. Payne
                                321 North Clark Street, Suite 720
                                Chicago, Illinois  60654
                                (312) 634-9500

McCRACKEN & GILLEN LLC

J. William Frank III
1315 West 22nd St., Suite 225
Oak Brook, Illinois 60523
(630) 286-7600

*Attorneys for Plaintiff, Whitehall Hotel, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on **November _, 2017**, a true and correct copy of the foregoing Complaint was served by electronic mail and First Class mail to:

Nicole J. Harrell, CIPP/US Kaufman
& Canoles, P.C.
150 W. Main Street, Suite 2100 Norfolk,
VA 23510-1665 njharrell@kaufcan.com

                /s/Alexis E. Payne
                Alexis E. Payne