IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Whitehall Hotel, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 8383 |
| | ) | |
| Houston Hotel Owner, LLC, | ) | Judge John Z. Lee |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Illinois-based Plaintiff Whitehall Hotel, LLC ("Whitehall") has brought federal and state law claims against Defendant Houston Hotel Owner, LLC ("Houston Hotel"), alleging that Houston Hotel's marketing of its Texas-based hotel "The Whitehall" infringes Whitehall's trademarks and confuses and deceives customers.

Houston Hotel has filed a motion to dismiss Whitehall's complaint for lack of personal jurisdiction, as well as a motion to strike an attorney affidavit that Whitehall submitted as part of its opposition to Houston Hotel's motion to dismiss. For the reasons stated herein, the motions are denied.

## Background

Whitehall owns the eponymous hotel in Chicago, Illinois. Compl. ¶ 3, ECF No. 1. It is an Illinois limited liability company with its principal place of business in Illinois. *Id.* Houston Hotel is a Delaware limited liability company with its principal place of business in Texas. *Id.* ¶ 5.

1

Whitehall contends that, in recent years, Houston Hotel began using the name "The Whitehall" for its hotel and has actively marketed the property to potential customers in Illinois. *Id*. ¶¶ 19–33. Based on the similarity of the hotels' names and purported similarity of their logos, Whitehall brings claims of trademark infringement (Count I) and unfair competition (Count II) pursuant to the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), Compl. ¶¶ 34–43; deceptive trade practices pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510 *et seq*. (Count III), Compl. ¶¶ 44–46; Illinois common-law unfair competition and trademark infringement (Count IV), *id*. ¶¶ 47–50; and cybersquatting pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d) (Count V), Compl. ¶¶ 51–56.

After Houston Hotel filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in Illinois, the Court ordered jurisdictional discovery. The exhibits that Whitehall has provided in support of personal jurisdiction show the following.[1]

First, Houston Hotel acknowledges that it "markets, advertises or promotes, or plans to [do so], hotel services" under "The Whitehall" brand in Illinois, five other states, Washington, D.C., and New York City. Pl.'s Ex. 1 at 2, ECF No. 57-2. Houston Hotel has also targeted online advertising at Illinois and these few other "markets."

---

[1] Because there has been no evidentiary hearing on the matter (and neither party has requested one), Whitehall need only make out a *prima facie* case of personal jurisdiction at this stage, and the Court draws reasonable inferences and resolves factual disputes in its favor. *See John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018).

*See generally* Pl.'s Ex. 6, ECF No. 57-7; Pl.'s Ex. 37, ECF No. 57-38; Pl.'s Ex. 40, ECF No. 57-41; Pl.'s Ex. 41, ECF No. 57-42; Pl.'s Ex. 42, ECF No. 57-43. For example, between March and December 2017, Houston Hotel spent $137,340 to advertise to these markets via Facebook, Google, UnderEye, Adara, TripAdvisor, and other travel websites. Pl.'s Ex. 6.

Furthermore, since 2016, Houston Hotel has sent sales representatives to the Chicago area several times to attend trade shows and client meetings to develop and promote its business. *See* Def.'s Reply at 4,[2] ECF No. 72; Pl.'s Exs. 9–15, ECF Nos. 58-10–58-16 (May 2016); Pl.'s Exs. 16–20, ECF Nos. 58-17–58-21 (June 2016); Pl.'s Exs. 21–25, ECF Nos. 58-22–58-26 (April 2017); Pl.'s Ex. 26, ECF No. 58-27 (August 2017). This included acquisition and use of Illinois-specific email lists of prospective customers. *See, e.g.,* Pl.'s Exs. 14, 15, 27–34, ECF Nos. 58-15, 58-16, 58-28–58-35.

Houston Hotel admits that, in 2017, it generated nearly $100,000 in Illinois-attributable revenue.[3] Pl.'s Ex. 45, ECF No. 58-46. But Whitehall has presented evidence that the amount may be significantly more. For example, Houston Hotel appears to have booked from the Syro-Malabar Catholic Diocese of Chicago alone a

---

[2] The Court struck the original version of Houston Hotel's reply brief because, among other reasons, a significant portion was less than double spaced. ECF No. 70. This violated Local Rule 5.2(c). *Id.* Despite this order, a significant portion of Houston Hotel's revised reply brief is less than double spaced. *See* Def.'s Reply at 9–15. In the interest of expeditiousness, the Court has not stricken Houston Hotel's revised reply brief. Any further memoranda in this case which fail to comply with Rule 5.2(c), however, will be stricken.

[3] Houston Hotel has sought to keep the exact figures confidential at this stage.

contract worth around six figures. Pl.'s Ex. 44 at 7–8, ECF No. 58-45. Houston Hotel apparently did not include this number in its Illinois-attributable figure because the Syro-Malabar Diocese of Chicago is not "a Chicago-only entity." Def.'s Reply at 6.

With jurisdictional discovery having concluded, Houston Hotel's motion to dismiss is now before the Court.

## Legal Standard

When considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *John Crane*, 891 F.3d at 695 (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)) (citations omitted). "The Illinois long-arm statute requires nothing more than the standard for federal due process: that the defendant have sufficient contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). And, as noted, in this case, Whitehall has the burden to establish a *prima facie* showing of jurisdiction. *Id.*

## Analysis

I.  **Motion to Dismiss**

Houston Hotel seeks dismissal of Whitehall's complaint on the basis that the Court lacks general or specific personal jurisdiction. Whitehall agrees that Houston Hotel is not subject to general jurisdiction in Illinois but contends that it has established a *prima facie* showing as to specific jurisdiction.

4

"The ultimate constitutional standard for the exercise of specific jurisdiction has been the same since the Supreme Court first abandoned strict territorial jurisdiction: is it fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim?" *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010). To answer this question in the affirmative, a defendant's contacts with the forum state must directly relate to or arise out of the challenged conduct. *E.g., John Crane*, 891 F.3d at 695–96 (citing *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017)). This means that the "contacts should either bear on the substantive legal dispute between the parties or relate to the operative facts of the case." *GCIU Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009).

Moreover, "[t]he exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492–93 (7th Cir. 2014). "The concerns that the Supreme Court has identified for this final inquiry are the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in efficiently resolving controversies, and the shared interest of the states in furthering fundamental substantive social policies." *GoDaddy*, 623 F.3d at 432–33.

And, while "the contacts supporting specific jurisdiction can take many . . . forms," *id.* at 426, a paradigmatic example is when a defendant "deliberate[ly] and continuous[ly] exploit[s] . . . the market in a forum state, . . . through its website as

5

well as through other contacts with the state . . . ." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 446 (7th Cir. 2010) (citing *GoDaddy*, 623 F.3d 421). At the same time, a court must be mindful that it "cannot simply aggregate all of a defendant's contacts with a state—no matter how dissimilar in terms of geography, time, or substance—as evidence of the constitutionally-required minimum contacts." *GoDaddy*, 623 F.3d at 429 (quoting *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1277 (7th Cir. 1997)).

Here, Houston Hotel argues that it should not be subject to personal jurisdiction in Illinois because its activity here has been sporadic and disconnected. It also contends that its activities in Illinois are unrelated to Whitehall's claims. Moreover, Houston Hotel argues that it would be unfair to haul it into court in Illinois because its activity there was only "minor and occasional."[4] Def.'s Reply at 15.

The evidence, construed in Whitehall's favor, demonstrates otherwise. It shows that Houston Hotel engaged in a comprehensive marketing plan targeted at Illinois, particularly Chicago and its suburbs. Illinois was one of only eight geographic markets that Houston Hotel targeted as part of online advertising campaigns, in which it spent several hundreds of thousands of dollars. *See generally* Pl.'s Ex. 6; Pl.'s Ex. 37; Pl.'s Ex. 40; Pl.'s Ex. 41; Pl.'s Ex. 42. The exhibits also show

---

[4] Houston Hotel also argues that the Court should not consider its contacts with "sophisticated" potential customers because they would not confuse the hotels in Houston and Chicago. Def.'s Reply at 3–7, 13. But this goes to the merits of Whitehall's claims, not personal jurisdiction.

6

that these campaigns were more or less ongoing since 2016. *See id.* Furthermore, Houston Hotel admitted in an interrogatory response that it has promoted itself and plans to do so in Illinois, among these other markets. Pl.'s Ex. 1 at 2. The evidence also shows that Houston Hotel has sent sales representatives to the Chicago area several times since 2016, to grow business from corporate accounts. Def.'s Reply at 4; Pl.'s Exs. 9–15 (May 2016); Pl.'s Exs. 16–20 (June 2016); Pl.'s Exs. 21–25 (April 2017); Pl.'s Ex. 26 (August 2017). This promotional effort has involved acquiring and using Illinois-specific email lists of prospective clients. *See, e.g.,* Pl.'s Exs. 14, 15, 27–34.

In this way, Houston Hotel's marketing in Illinois was even more targeted than that of the defendant in *uBID v. GoDaddy Group, Inc.* There, the Seventh Circuit found that the national advertising campaign of domain-seller GoDaddy was a significant factor conferring specific jurisdiction in Illinois. 623 F.3d at 424. Here, by comparison, the campaign was far more directed at Illinois and only a few other geographic areas.

In addition, Houston Hotel admits it has derived almost $100,000 in revenue from Illinois. Pl.'s Ex. 45. And it is reasonable to believe that much of this revenue resulted from Houston Hotel's active efforts in Illinois. Furthermore, Whitehall has presented evidence suggesting that the figure may be much more than what Houston Hotel has reported, and Houston Hotel's marketing investments suggest that these figures stand to grow substantially higher. *See GoDaddy* at 423–24; 433–34 (finding

7

derivation revenue from geographically targeted marketing to contribute to conferral of personal jurisdiction). Taken together, Whitehall has established at this stage that Houston Hotel has deliberately and continuously targeted business-generation efforts at Illinois which are sufficient to confer personal jurisdiction there.

What is more, Whitehall's claims plainly arise out of Houston Hotel's marketing activity. Each claim involves confusing or deceiving potential customers in the course of certain marketing efforts. For example, the Illinois customers that Houston Hotel targeted may have wrongly believed from its various marketing materials that "The Whitehall" in Houston is part of the same company as "The Whitehall" in Chicago.

Moreover, exercising specific jurisdiction over Houston Hotel in Illinois would be fair and just. Illinois has a "significant interest in providing a forum for its residents" for torts committed within its borders. *GoDaddy*, 623 F.3d at 432–33. Illinois's interest may be especially strong here, as the potential for confusion among Chicago-area residents familiar with "The Whitehall" brand may be significantly higher than in other states, including Houston Hotel's home state of Texas.

In addition, litigating in Illinois would not be overly burdensome to Houston Hotel. It admits that it earns more than a few million dollars yearly, Pl.'s Ex. 45 at 3, and a substantial amount from Illinois. Moreover, Houston Hotel has repeatedly sent its representatives to Illinois and has consistently targeted advertising at the state. *See GoDaddy*, 623 F.3d at 432–33 (recognizing that defendant had significant

overall resources and that there was no unfairness in requiring it "to defend [a] lawsuit in the courts of the state where, through the very activity giving rise to the suit, it continues to gain so much"). And Houston Hotel's apparent focus on only a limited number of geographic markets suggests that its exposure to litigation beyond Texas is likely cabined to a few states that it has decided were worth investing in for future growth. Taken together, requiring Houston Hotel to litigate in Illinois would therefore not violate "traditional notions of fair play and substantial justice." *N. Grain Mktg.*, 743 F.3d at 492–93.

For these reasons, Whitehall has established a *prima facie* showing of personal jurisdiction. Houston Hotel's Rule 12(b)(2) motion to dismiss is denied accordingly.

## II. Motion to Strike

Lastly, Houston Hotel has filed a motion to strike an attorney affidavit that Whitehall submitted in support of its opposition to the motion to dismiss. Def.'s Mem. Supp. Mot. Strike, ECF No. 62. Houston Hotel seeks to strike the entirety of the affidavit, as well as Whitehall's memorandum opposing dismissal because, in Houston Hotel's view, they are impermissibly laden with attorney argument. *See generally id.* While it is true that the declaration goes beyond authenticating the exhibits that accompany it, the Court is able to distinguish between attorney argument and evidence and has not relied on the former. The motion to strike is accordingly denied as moot. *See Ferenzi v. City of Chi.*, No. 16-CV-00783, 2018 WL

9

1561728, at *6 (N.D. Ill. Mar. 30, 2018) (striking as moot a motion to strike an immaterial submission).

## **Conclusion**

For the reasons stated herein, Defendant's motion [12] to dismiss Plaintiff's complaint for lack of personal jurisdiction and motion [61] to strike are denied. A status hearing remains set for October 30, 2018, at 9:00 a.m.

**IT IS SO ORDERED.**           ENTERED  9/25/18

                                                                   _____
                                                                   **John Z. Lee**
                                                                   **United States District Judge**